```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DEE FARMER, pro se,                                       :
                                                          :
                Plaintiff,                                :
                                                          :         MEMORANDUM AND ORDER
        - against -                                       :         13-CV-1255 (DLI)(CLP)
                                                          :
FEDERAL BUREAU OF PRISONS, et. al,                        :
                                                          :
                Defendants.                               :
----------------------------------------------------------X
```

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* plaintiff Dee Farmer ("Plaintiff"), a former inmate at the Metropolitan Detention Center in Brooklyn, New York ("MDC"), who currently is incarcerated at the Federal Correction Institute in Gilmer, West Virginia ("FCI Gilmer"), seeks to reopen this previously settled action alleging claims against the Federal Bureau of Prisons ("BOP"), the MDC Warden, the FCI Gilmer Warden, the BOP Regional Director for the Northeast Region ("Regional Director"), and the BOP National Appeals Director ("National Appeals Director") (collectively, "Defendants"), pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) ("*Bivens*") and the Americans with Disabilities Act ("ADA"). (*See generally* Renewed Complaint ("Renewed Compl."), Docket Entry No. 36.) Plaintiff alleges that Defendants discriminated against him on the basis of his disabilities by failing to provide him with appropriate accommodations to permit him to access certain resources available to non-disabled inmates. He also seeks a preliminary injunction against Defendants and appointment of counsel to assist him in the matter. (*See* Proposed Motion for Counsel, Docket Entry No. 37; Motion for Preliminary Injunction, Docket Entry No. 40.)

On August 5, 2014, Defendants moved to dismiss Plaintiff's Renewed Complaint pursuant to Federal Rule of Civil Procedure 12 for lack of subject matter jurisdiction and failure

to state a claim and partial motion to dismiss for improper venue or transfer. For the reasons set forth below, Defendants' motion to dismiss is granted, as is the motion to transfer. Plaintiff's motion for a preliminary injunction against the MDC and its staff is denied. Ruling on Plaintiff's motion for the appointment of counsel and for injunctive relief against the BOP and the FCI Gilmore Warden are deferred to the transferee court, the United States District Court for the Northern District of West Virginia.

## BACKGROUND

Plaintiff arrived as an inmate at MDC on June 19, 2012. (*See* August 15, 2014 Declaration of Kenneth Bork ("Bork Dec."), Docket Entry No. 45-1, ¶ 5.) With the exception of a three-day period in November 2012, Plaintiff remained an inmate at MDC until March 11, 2014. (*Id.* ¶ 6.) Prior to his incarceration, Plaintiff resided in Baltimore, Maryland. (*Id.* ¶ 4.) Plaintiff suffers from various medical ailments, including a visual impairment that he asserts impacts his ability to function independently in prison. (*See* Affidavit of Dee Farmer ("Farmer Aff."), Docket Entry No. 35, ¶ 5; *see also* May 29, 2013 letter from Dee Farmer to the Honorable Dora L. Irizarry ("May 29 Letter"), Docket Entry No. 16, at 1.)

On January 8, 2013, Plaintiff filed his initial complaint in the instant action, alleging disability discrimination claims under the ADA against the BOP and MDC Warden Frank Strada. (*See generally* Complaint ("Compl."), Docket Entry No. 2.) In that complaint, Plaintiff alleged that the defendants failed to provide him with reasonable accommodations to enable him to access certain programs and services available to inmates without visual impairments. (*See id.* at 3; *see also* May 29 Letter (noting Plaintiff's reliance on other inmates to access BOP programs).) Plaintiff also alleged that he could not exhaust his administrative remedies prior to filing his initial complaint, as required by the Prison Litigation Reform Act, 42 U.S.C. §

2

1997e(a), because he did not have access to the required forms or the necessary assistance. (*See* Compl. at 4.)

On three occasions in 2013, the parties appeared before the Honorable Cheryl Pollack, United States Magistrate Judge, to determine whether this action could be resolved without further litigation. (*See* Docket Entry Nos. 28, 30, and 32.) As a result of these conferences, the parties agreed that the MDC staff would assist Plaintiff in completing any necessary administrative remedy request forms in order to help Plaintiff pursue his administrative remedies with respect to the alleged conditions at the MDC that formed the basis of his claims. (*See* Pl. Aff. ¶¶ 8, 10.) Subsequently, Plaintiff submitted administrative remedy requests to the MDC seeking certain accommodations designed to grant him access to various MDC programs and activities, including legal assistance programs. (*See* Dee Farmer's Administrative Remedy Request, Docket Entry No. 35, Exhibit B, at 4-34.) At the November 21, 2013 conference, Plaintiff acknowledged that the MDC had provided him with appropriate accommodations. (*See* Minute Entry for Telephone Conference Proceeding, Docket Entry No. 32.) Consequently, he agreed to dismiss his claims without prejudice. (*See id.*) On November 25, 2013, the parties filed a Stipulation of Dismissal to dismiss the initial complaint without prejudice, which the Court "So Ordered" on November 26, 2013. (*See* Stipulation of Dismissal, Docket Entry No. 33; November 26, 2013 Electronic Order Dismissing and Closing Case.) On March 11, 2014, Plaintiff was transferred out of the MDC, and arrived at his current place of incarceration, FCI Gilmer, in Glenville, West Virginia, on March 24, 2014. (*See* Bork Dec. at ¶ 8.)

On June 12, 2014, Plaintiff filed a motion to reopen this action by affidavit and a Renewed Complaint, alleging claims under the ADA, *Bivens*, and the U.S. Constitution against Defendants. (*See generally* Renewed Compl.; Farmer Aff.) Plaintiff alleges that: (1) MDC staff

were not "reasonably available" to assist him during his incarceration at MDC; (2) he informed the MDC Warden, the Regional Director, and the National Appeals Director of this issue; and (3) he is currently unable to access certain programs and lacks assistance in performing daily living activities at FCI Gilmer. (*See* Farmer Aff. ¶ 12; Renewed Compl. ¶¶ 4-5, 13-15.) Also on June 12, 2014, Plaintiff filed a "Proposed Motion for Counsel." (*See* Docket Entry No. 37.) Plaintiff's Renewed Complaint seeks injunctive relief and monetary damages. On July 7, 2014, Plaintiff separately filed a motion for a preliminary injunction regarding the same allegation that the BOP has failed to accommodate his disabilities while at FCI Gilmer. (*See* Motion for Preliminary Injunction, at 5-6.)

## DISCUSSION

### I. Legal Standards for Dismissal

#### a. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. *See Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). The Court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of plaintiff because subject matter jurisdiction must be shown affirmatively. *See id.*; *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992); *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

### b. Rule 12(b)(6)

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

5

In reviewing the complaint, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

Here, the government argues that Defendants are entitled to dismissal pursuant to Federal Rule of Civil Procedure 12 with respect to all of Plaintiff's claims for the following reasons: (1) the Court lacks subject matter jurisdiction to consider Plaintiff's claims under *Bivens* and the ADA; (2) even if the Court could liberally construe Plaintiff's Renewed Complaint as alleging claims seeking injunctive relief under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), his claims against the MDC are moot; and (3) with regard to Plaintiff's remaining claims about his confinement at FCI Gilmer, this Court should dismiss those claims pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue or transfer them to the proper district court.

## II. Plaintiff's *Bivens* Claims Against the Individual Defendants are Barred by Sovereign Immunity

In *Bivens*, the Supreme Court set forth a federal counterpart to the remedy against state officials created by 42 U.S.C. § 1983. *See Bivens*, 403 U.S. at 389; *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) ("[A] *Bivens* action is the federal analog to suits brought against state officials [under § 1983]."). "A plaintiff bringing a claim under *Bivens* must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority," and that the individual defendant was personally involved in the constitutional violation. *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (footnote omitted).

In the instant case, Plaintiff's asserts *Bivens*-type claims against the Wardens of the MDC and FCI Gilmer, the Northeast Regional Director, and the National Appeals Director identifying them solely by their official job titles. (*See generally* Renewed Compl. at 1.) Moreover, Plaintiff's allegations concerning these individuals relate solely to their official roles and to actions they could have taken in their official capacities. (*Id.*) Even with a liberal construction of Plaintiff's complaint, Plaintiff has sued these individuals only in their official capacities, and not in their individual capacities.

As the government accurately notes, "Claims of violations under *Bivens*, against federal employees in their official capacities, however, must be dismissed because sovereign immunity protects them from such suits." (Gov. Mot. at 8.) "It is well-settled that any lawsuit against an agent or employee of the United States in his/her official capacity is an action against the sovereign itself." *Perez v. Hawk*, 302 F. Supp. 2d 9, 18 (E.D.N.Y. 2004) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Moreover, the United States and its agencies have sovereign immunity from suit and only can be sued with their consent and under the terms Congress may impose. *See United States v. Sherwood*, 312 U.S. 584, 61 (1941); *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004). Without a waiver of sovereign immunity, a district court lacks subject matter jurisdiction to hear such a claim. *See Liranzo v. U.S.*, 690 F.3d 78, 84 (2d Cir. 2012) ("The United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."). "'[T]he United States simply has not rendered itself liable . . . for constitutional tort claims' for money damages." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478, (1994). Accordingly, *Bivens* actions cannot be maintained against the United States, federal agencies, or federal employees sued in their official capacities. *See, e.g.*, *Meyer*, 510 U.S. at 484-86;

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (noting that *Bivens* claims "must be brought against the federal officers involved in their individual capacities").

Thus, where a *Bivens* action is filed against the United States, its agencies, or its employees in their official capacities, the court lacks jurisdiction to hear the claim and the action must be dismissed. *See Jordan v. Federal Bureau of Prisons*, 2013 WL 1143617, at *4 (S.D.N.Y. Mar. 19, 2013) (dismissing claims against BOP, a federal prison and prison officer under FRCP 12(b)(1) because sovereign immunity had not been waived and, therefore, the court lacked subject matter jurisdiction). Here, because Plaintiff asserts his *Bivens*-type claims against the MDC and FCI Gilmer Wardens, the BOP Northeast Regional Director, and the National Appeals Director solely in their official capacities, and based on actions that they only could have taken in their official capacities, this Court lacks subject matter jurisdiction over Plaintiff's claims, and, therefore, those claims are dismissed.

### III. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's ADA Claims

Plaintiff also asserts that the staff at both the MDC and FCI Gilmer discriminated against him on the basis of his alleged disability in violation of the ADA by failing to provide him with reasonable accommodations to permit him to access programs and services available to non-disabled inmates at those facilities. (S*ee* Farmer. Aff. ¶¶ 4, 12, 13.) The government argues that these claims fail, because this Court lacks subject matter jurisdiction over claims brought pursuant to the ADA and against federal agencies or officials. (*See* Gov. Mem. at 9.) The Court agrees.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity." 42 U.S.C. §12132. However, the term "public entity" in the ADA applies only to state and local government agencies, not to federal agencies. *See* 42 U.S.C. §12131(1); *see also Cellular Phone Taskforce v. FCC*, 217 F.3d 42, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government"); *Sarvis v. United States*, 2000 WL 1568230, *2 (2d Cir. Oct. 19, 2000) (dismissing inmate's ADA claims against BOP because BOP did not qualify as a "public entity" as defined by the ADA). Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's ADA claims, and, therefore, these claims are dismissed.

### IV. Plaintiff's Rehabilitation Act Claims

Section 504 of the Rehabilitation Act of 1973 provides, in relevant part: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794. Unlike the ADA, Section 504 provides for relief against the federal government relating to claims of disability discrimination. *See id.* In liberally construing Plaintiff's complaint to raise the strongest arguments it suggests, the Court will consider Plaintiff to argue that the MDC and FCI Gilmer have denied him access to certain programs and services available to non-disabled inmates in violation of Section 504.

Section 504 claims cannot be brought solely against individual defendants, even when named in their official capacities. *See B.D.S. v. Southold Union Free Sch. Dist.*, 2009 WL 1875942, at *21 (E.D.N.Y. June 24, 2009). In liberally construing Plaintiff's complaint, the Court will consider that Plaintiff, in naming the individual defendants in their official capacity, intended to assert a claim against the entities for which they work. *See Henrietta D. v.*

9

*Bloomberg*, 331 F.3d 261, 288 (2d Cir. 2003) ("The real party in interest in an official-capacity suit is the government entity."). Even if Plaintiff's claims could be construed as potentially actionable under Section 504, he cannot seek monetary damages, as he does here, because the federal government has not waived sovereign immunity with respect to claims for monetary relief under Section 504. *See Lane v. Pena*, 518 U.S. 187 (1996) (holding that Congress has not waived sovereign immunity under Section 504 for awards of monetary damages against the federal government).[1] To the extent Plaintiff seeks monetary damages under Section 504, these claims are dismissed. Even if the Court construes Plaintiff's claims to be made pursuant to the Rehabilitation Act, he may seek only injunctive relief.

Assuming that Plaintiff is asserting a claim for injunctive relief under the Rehabilitation Act, the government contends that such a claim related to Plaintiff's incarceration at the MDC is moot. (*See* Gov. Mem. at 11-12.) Where a plaintiff lacks a legally cognizable interest in the outcome of an action, the case is moot and the Court lacks subject matter jurisdiction under Article III of the Constitution. *See* U.S. CONST. art. III,§ 2, cl. 1; *Fox v. Board of Trustees of the State Univ. of New York*, 42 F.3d 135, 141 (2d Cir. 1994) ("When a case becomes moot, federal courts lack subject matter jurisdiction over the action.") (internal quotation omitted). Indeed, this Court may not "decide a case on the merits before resolving whether the court has Article III jurisdiction." *United States v. Miller*, 263 F.3d 1, 4 n. 2 (2d Cir. 2001).

---

[1] The government aptly noted that "monetary damages may be available in the limited instances where the claims are related to the funding activities of federal providers." (Gov. Mem. at 11 n.5.); *see also Sarvis*, 2000 WL 1568230 at *2 ("Congress has not waived the Federal Government's sovereign immunity against awards of money damages for § 504(a) violations, except where a federal agency is acting as a 'Federal provider' of financial assistance.") (citing *Lane v. Pena*, 518 U.S. 187, 193 (1996). The Court finds that Plaintiff has not alleged that the MDC and FCI Gilmer were acting in the capacity of federal funding providers with respect to the terms of his incarceration, and, as such, his claim for monetary damages on this ground is dismissed. *See, e.g.*, *Sarvis*, 2000 WL 1568230 at *2 (dismissing inmate plaintiff's Section 504 claims seeking monetary damages where he was denied entry into a prison program because federal prison was not acting as a federal provider of financial assistance).

The government contends that "Plaintiff's claims for injunctive relief concerning his access to programs and services at MDC are moot because he [was] transferred out of MDC on March 11, 2014." (Gov. Mem. at 12.) The Court agrees. Because Plaintiff is no longer an inmate at MDC, he cannot benefit from any injunctive relief regarding the MDC, and thus, no longer has a legally cognizable interest in the outcome of his claims regarding programs and services at the MDC. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."); *see also Abernathy v. Strada*, 2013 U.S. Dist. LEXIS 60891, *3-4 (E.D.N.Y. April 29, 2013) (finding inmate plaintiff's claims for injunctive relief to be moot because he was transferred out of MDC and no longer under the supervision of the named defendant). Accordingly, Plaintiff's claims for injunctive relief concerning his access to programs and services at the MDC are dismissed as moot.

## V. Plaintiff's Remaining Claims are Transferred to the Northern District of Virginia

### a. Venue in the Eastern District of New York is Improper

The only claims remaining after the above-stated dismissals are Plaintiff's claims against the BOP and the FCI Gilmer Warden for injunctive relief under the Rehabilitation Act related to Plaintiff's access to programs and resources at FCI Gilmer.[2] The government contends that the Court, pursuant to Federal Rule of Civil Procedure 12(b)(3), "should dismiss these claims or, in the alternative, transfer them to the Northern District of West Virginia." (*See* Gov. Mem. at 13.) The Court finds that transfer of Plaintiff's remaining claims, rather than dismissal, is appropriate.

---

[2] As noted, Plaintiff only asserted claims under *Bivens* and the ADA, but the Court, in liberally construing his claims, considered him to be making claims under Section 504. Furthermore, Plaintiff's Renewed Complaint and affidavit allege that he pursued administrative remedies only relating to his claims about his incarceration at the MDC. (*See generally* Renewed Compl.; Pl. Aff.) In detailing his pursuit of administrative remedies while at the MDC, Plaintiff asserts his only allegations against the BOP Northeast Regional Director and National Appeals Director, which relate to their involvement in that administrative remedy process. (*See* Farmer Aff. ¶ 9.) Accordingly, these two defendants have no relation to Plaintiff's remaining claims about his incarceration at FCI Gilmer.

"Plaintiff bears the burden of establishing that venue is properly laid in the district in which the complaint was filed." *Universal Marine Medical Supply, Inc. v. Lovecchio*, 8 F. Supp. 2d 214, 219 (E.D.N.Y. 1998). "Plaintiff must establish venue for each cause of action asserted." *See Pardy v. Gray*, 2007 WL 1825200, at *3 (E.D.N.Y. Jun. 21, 2007)) (holding that Eastern District of New York was not proper venue for plaintiff's claims and transferring case). When reviewing motions under Federal Rule of Civil Procedure 12(b)(3), courts must accept as true the allegations in the complaint, and construe all reasonable inferences in plaintiff's favor. *Spriggs v. Brownlee*, 2006 WL 1304861, at *9 (N.D.N.Y. May 9, 2006). "However, in defending against such a motion, plaintiff bears the burden of proving that venue is proper." *See id.* (citation omitted). A court may also consider materials outside the pleadings. *See Spriggs*, 2006 WL 1304861 at *9. Should plaintiff fail to satisfy his burden to show proper venue is this district, the court retains discretion whether to dismiss the case or to transfer the case to any district where the case could initially have been brought. *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1996). The government contends that Plaintiff has failed to meet the requirements of 28 U.S.C. § 1391, which governs venue in civil actions. The Court agrees.

Pursuant to 28 U.S.C. § 1391, an action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *See* 28 U.S.C. § 1391(b). Where, as here, a named defendant is a federal employee acting in his official capacity, the venue statute provides that venue is proper where:

"[1] a defendant in the action resides, [2] a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or [3] the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e).

Applying these standards to the instant case, the Court concludes that venue is not proper in the Eastern District of New York. First, "[t]he residence of a public official sued in his official capacity is his official residence; that is, the place where his office is maintained." *Federal Aviation Administration*, 369 F. Supp. 741, 746 (E.D.N.Y. 1976). Accordingly, the remaining individual defendant, the FCI Gilmer Warden, does not reside in this district, but rather resides in the Northern District of West Virginia. (*See* Gov. Mem. at 14 n.7 (noting that "the FCI Gilmer Warden maintains his official office at FCI Gilmer in the Northern District of West Virginia")). Moreover, none of the events related to Plaintiff's access to programs and activities at FCI Gilmer occurred in the Eastern District of New York. (*See generally* Renewed Compl.; Farmer Aff.) Lastly, Plaintiff himself does not reside in this district; he actually resides at his pre-incarceration address in Baltimore, Maryland for the purpose of a venue analysis. *See Billiteri v. United States Board of Parole*, 541 F.2d 938, 946 (2d Cir. 1976) (finding venue proper based on inmate's pre-incarceration residence); *see also McCune v. United States*, 374 F. Supp. 946, 948 (S.D.N.Y. 1974) (dismissing inmate's claim for lack of venue because, *inter alia*, his pre-incarceration address was outside the Southern District of New York). The government notes that, "[a]lthough plaintiff's residence in Maryland may establish venue there for the purpose of his claims against the FCI Gilmer Warden under 28 U.S.C. §1391(e), it would not be relevant to establish venue for his claims against BOP." (Gov. Mem. at 16 n10.) Consequently, the Court finds that the Northern District of West Virginia is the only proper venue for all of Plaintiff's claims relating to his incarceration at FCI Gilmer.

13

### b. Transfer to the Northern District of West Virginia is Appropriate

A district court may transfer a civil action to any other district where the action might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). When making a motion to transfer venue, "[t]he party requesting transfer carries the 'burden of making out a strong case for transfer.'" *Audiovox Corp. v. S. China Enter., Inc.*, 2012 WL 3061518, at *7 (E.D.N.Y. July 26, 2012) (quoting *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010)). At the same time, "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

To determine whether a motion to transfer venue should be granted, the Court must apply a two-pronged test: "(A) whether the action could have been brought in the proposed forum; and (B) whether the transfer would 'promote the convenience of parties and witnesses and would be in the interests of justice.'" *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012) (quoting *Clarendon Nat'l Ins. Co. v. Pascual,* 2000 WL 270862, at *2 (S.D.N.Y. Mar. 13, 2000)). In this case, both prongs of the requisite two-part inquiry weigh in favor of transfer.

With regard to the first prong, based on the analysis above, Plaintiff could have brought the remaining claims regarding his confinement at FCI Gilmer in the Northern District of West Virginia. Therefore, the outstanding inquiry here is whether the convenience of the parties and witnesses, and the interests of justice support the transfer. This second, case-specific analysis generally involves the consideration of the following non-exhaustive list of factors, none of which is dispositive: (1) the convenience of the witnesses, (2) the convenience of the parties, (3)

the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. *See Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006).

The government argues that, "consideration of each of these factors dictates that the Court should transfer to the Northern District of West Virginia." (Gov. Mem. at 17.) The Court concurs. The government persuasively argues that, "because the alleged events occurred in the Northern District of West Virginia, it is likely that all relevant witnesses and documents would be located there as well." (*Id.*) Moreover, "given the economic constraints on both plaintiff and defendants in this action, adjudicating this case in the district where the witnesses, parties, and documents are located is in the interests of justice and judicial economy both in terms of conducting discovery and eliminating unnecessary travel and expense on the part of the parties, counsel, and other potential witnesses." (*Id.*) While Plaintiff expressed a general preference for maintaining this case in this district, he failed to provide any substantive argument in contesting the government's request. (*See* Plaintiff's Opposition to Defendant's Motion to Dismiss, Docket Entry 47, at 4.)

After weighing the factors set forth above, the Court finds that transfer is warranted. Plaintiff has failed to show that these claims have any fundamental connection to the Eastern District of New York. By contrast, most of the venue factors set forth above support transfer to the Northern District of West Virginia. Accordingly, Plaintiff's remaining Rehabilitation Act claims against the BOP and the FCI Gilmer Warden and motion for the appointment of counsel

are hereby transferred to the United States District Court for the Northern District of West Virginia.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted to the extent that the following claims are dismissed in their entirety: (1) ADA; (2) for monetary relief under the Rehabilitation Act; and (3) regarding Plaintiff's confinement at MDC. Defendant's motion to transfer Plaintiff's remaining claims for injunctive relief regarding his confinement at FCI Gilmer to the United States District Court for the Northern District of West Virginia is granted. Plaintiff's motion for a preliminary injunction related to his MDC claims is denied. The Court defers to the transferee court any ruling on Plaintiff's motion for the appointment of counsel and the remaining Restoration Act claims relating to his confinement at FCI Gilmore. These claims and Plaintiff's motion for the appointment of counsel are hereby transferred to the United States District Court for the Northern District of West Virginia. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 27, 2015

                                      /s/
                              DORA L. IRIZARRY
                          United States District Judge