**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**DEE FARMER,**

        **Plaintiff,**

**v.**                          **Civil Action No. 1:15CV58**
                                   **(Judge Keeley)**

**FEDERAL BUREAU OF PRISONS, et al.,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR RECONSIDERATION [DKT. NO. 62]**

On January 8, 2013, the plaintiff, Dee Farmer ("Farmer"), filed a civil rights complaint in the Southern District of New York, ostensibly pursuant to 42 U.S.C. §1983.[1] At that time, Farmer was incarcerated at the Metropolitan Detention Center in Brooklyn, New York ("MDC"). Farmer's complaint averred that he suffers from multiple medical conditions, including "cone dystrophy," which impairs his vision. Farmer claimed that the Bureau of Prisons ("BOP") neglected to take his vision problems into account and, consequently, failed to provide him equal access to: (1) the BOP's legal activities program; (2) administrative remedies procedures; (3) library books; (4) confidential assistance to review timely legal correspondence; and (5) telephone and computer access. (Dkt. No. 2 at 3). Farmer sought relief under the Americans with

---

[1] Because Farmer is a federal prisoner suing federal officials for violations of his civil rights, the case should have been filed as an action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

**ORDER DENYING MOTION FOR RECONSIDERATION [DKT. NO. 62]**

Disabilities Act ("ADA") and $50,000 in compensatory damages.

Subsequently, his case was transferred to the Eastern District of New York, where it was litigated extensively in front of United States District Court Judge Dora L. Irizarry. On November 25, 2013, the parties stipulated to the dismissal of the case without prejudice. (Dkt. No. 33). Seven months later, however, after having been transferred to FCI Gilmer, Farmer filed a so-called "renewed complaint" in the Eastern District of New York and moved to reopen the case, to obtain court appointed counsel, and for a preliminary injunction. (Dkt. Nos. 35, 36, 37, and 40). Thereafter, the BOP moved to dismiss Farmer's "renewed" complaint for lack of jurisdiction, as well as partial dismissal for improper venue or transfer. (Dkt. No. 45). Judge Irizarry granted the motion to reopen the case,[2] but dismissed Farmer's ADA claim, compensatory damages claim, and any claim regarding his confinement at the MDC. (Dkt. No. 49). In addition, she granted the BOP's motion to transfer Farmer's injunctive relief claim to this District and deferred to this Court any ruling on his pending motion for appointment of counsel, as well as any remaining claims relating to his confinement at FCI Gilmer.

---

[2]It would appear that the docketing clerk in the Eastern District of New York incorrectly docketed this Order as one denying Farmer's Motion to Reopen the case: From a review of the court's Order and the overall record, it is clear this was a docketing error. See Dkt. No. 49.

2

Accordingly, on April 1, 2015, the case was transferred to this District, where it was docketed as a <u>Bivens</u> action. The Clerk then mailed Farmer a "Notice of General Guidelines for Appearing Pro Se in Federal Court." (Dkt. Nos. 50 and 51).

Based on a thorough review of the confusing record in this case, and after telephone inquiries to the Clerk of Court of the Eastern District of New York, the Court ascertained that, despite multiple orders granting, denying, suspending, vacating, and granting his motion for *in forma pauperis* status in the transferor court(s), Farmer had somehow evaded payment of any portion of a filing fee. <u>See</u> Dkt. No. 60 at 4. Consequently, on April 29, 2015, the Clerk of this Court issued a Notice of Deficient Pleading, advising Farmer that, within twenty-one days, or by May 20, 2015, he must either pay the filing fee or file an application to proceed *in forma pauperis*, together with a copy of his Prisoner Trust Account Report with its Ledger Sheets, and a signed Consent to Collect Fees from his Trust Account, or risk dismissal of his case. (Dkt. No. 53).

Having received no response to the deficiency notice, nor any request from Farmer for an extension of time or explanation for his failure to comply, on May 26, 2015, United States Magistrate Judge James E. Seibert entered an Order to Show Cause why Farmer's case should not be dismissed for failure to prosecute. (Dkt. No. 55).

**ORDER DENYING MOTION FOR RECONSIDERATION [DKT. NO. 62]**

Rather than respond to that Order, Farmer filed a "notice of incompetency/motion to appoint counsel" on June 8, 2015.

In denying that motion, Magistrate Judge Seibert noted that, unlike criminal matters, in civil cases courts have discretion to appoint counsel for indigent plaintiffs. See 28 U.S.C. § 1915(e)(1). The law is clear that, in civil actions, courts should appoint counsel for indigent plaintiffs only upon a showing of particular need or exceptional circumstances. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present is highly dependent on the particular characteristics of the litigant and his claim. See Whisenhunt v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

Magistrate Judge Seibert determined that Farmer's assertions that he lacked the necessary cognitive and intellectual capability to represent himself was wholly lacking in merit. (Dkt. No. 58 at 2). He supported that determination with an account of how Farmer had successfully litigated this case pro se in New York for two-and-a-half years, during which time he had filed numerous motions, including a successful motion to reopen his case, a proposed "renewed" complaint, and a proposed motion to appoint counsel in mid-June, 2014, even though his case had been dismissed in November 26, 2013. Id. Finally, based on a review of Farmer's pleadings and motions, as well as medical and legal documents regarding Framer's

alleged mental incapacity, Magistrate Judge Seibert concluded that Farmer's reasoning and writing ability were more than adequate to allow him to proceed pro se. Accordingly, he denied the motion for court appointed counsel.[3]

Finally, on June 18, 2015, having received no response from Farmer, this Court dismissed his "renewed" complaint (dkt. no. 36) without prejudice, and ordered that the case be stricken from the active docket. (Dkt. No. 60).

Undeterred by this, on June 22, 2015, Farmer filed a motion for reconsideration of Magistrate Judge Seibert's denial of his motion to appoint counsel. (Dkt. No. 62). Farmer disagreed with Magistrate Judge Seibert's decision and reasoning, and cited several previous cases in which courts have appointed counsel for him.[4] Farmer, however, did not object to any specific legal

---

[3]For docketing purposes, Magistrate Judge Seibert also terminated Farmer's previously filed motion to appoint counsel that had been transferred with the case.

[4]Several of these cases appear to be related to his direct appeal, while others are related to a multitude of civil *habeas corpus*, § 1983, and Bivens actions. A review of some of those cases establishes that several of them have been dismissed, thus suggesting that Farmer likely is a serial filer subject to the "three-strikes rule" under 28 U.S.C. § 1915(g), which may be why he has repeatedly failed to pay the filing fee in this case. Notably, in a case that he does not cite, Farmer v. Hambrick, 155 F.3d 558 (4th Cir. 1998) (unpublished) (per curiam), the Court of Appeals for the Fourth Circuit dismissed one of Farmer's Bivens actions and denied his motion for court appointed counsel. In another, Farmer v. Haas, 990 F.2d 319, 321-24 (7th Cir. 1993), the Court of Appeals for the Seven Circuit affirmed the District Court's denial of

5

**FARMER V. BUREAU OF PRISONS, ET AL.                                    1:15CV58**

**ORDER DENYING MOTION FOR RECONSIDERATION [DKT. NO. 62]**

principle or reasoning contained in Magistrate Judge Seibert's order denying his motion to appoint counsel. Rather, he reiterated the same claims about how his medical and mental conditions prevent him from reading, writing, or representing himself, while simultaneously implying that, because other courts have exercised their discretion to appoint counsel for him in the past, this Court now must do the same. Once again, Farmer's motion for reconsideration itself eviscerates his claims of incompetency or incapacity. From the motion, it is clear that Farmer not only read and understood Magistrate Judge Seibert's order denying his motion, but also was fully capable of writing a cogent, reasoned, albeit repetitive, response seeking reconsideration.

Under 28 U.S.C. § 636(b)(1)(A), the Court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The Court finds no clear error in Magistrate Judge Seibert's order. Indeed, having reviewed all of the relevant filings and correspondence, the Court concurs fully with its reasoning.

Therefore, no good cause having been shown, the Court **DENIES** Farmer's motion for reconsideration (dkt. no. 62), and **ORDERS** that the Clerk **STRIKE** this case from the Court's active docket.

---

counsel to Farmer in a civil matter, reviewed Farmer's history of adequate pro se representation, and noted that Farmer was "an experienced litgator."

It is so **ORDERED**.

The Court directs the Clerk to transmit a copy of this order to Farmer by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 23, 2016

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE